# Exhibit 1

FILED
17 APR 28 AM 9:48

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-11015-9 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DANIELLE VANNOY, individually, | ) No. |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR DAMAGES |
| vs. | ) |
| | ) |
| HOLOGIC, INC., a Delaware corporation; | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW Plaintiff Danielle Vannoy by and through her undersigned counsel, and alleges and avers as follows:

## PARTIES

1. Plaintiff Danielle Vannoy (hereinafter "Plaintiff") is a resident of Auburn, Washington.

2. Defendant Hologic, Inc., (hereinafter "Hologic") is, and was at all times relevant hereto, a Delaware corporation, but was registered with the Washington Secretary of State to conduct business in the State of Washington, and was conducting business in King County, Washington.

## JURISDICTION AND VENUE

3. The above-entitled court is the proper venue and has proper jurisdiction over the parties and subject matter of this lawsuit.

## STATEMENT OF FACTS

4. Plaintiff began her employment as a sales representative with Defendant in or around March 2012.

5. During Plaintiff's employment, Plaintiff was repeatedly told that if a sales representative exceeded his/her annual quota for three consecutive years that the sales rep. would receive a $20,000 annual bonus and be promoted to the position of Senior Territory Manager.

6. In or around July 2014, Clark Barry became Plaintiff's District Sales Manager (DSM).

7. After Barry became Plaintiff's DSM, he began to treat her differently than the male sales representatives on his team.

8. Barry repeatedly told Plaintiff, who was a single mother with two children, that he did not think a woman with children could handle the duties and responsibilities of a sales representative.

9. Barry insisted that Plaintiff do extra work outside of her normal working hours, even though similar requests were not made to the male sales representatives.

10. When Plaintiff complained to Barry about his disparate treatment of women versus men, Barry began scrutinizing Plaintiff's performance even greater than before her complaint. For example, Barry gave inaccurate and false information of Plaintiff's performance during her review after a ride along.

11. Additionally, up until November 2016, Barry had not directly hired any female employees within his district.

12. Barry's attitude towards Plaintiff was that she should not question anything that he did because he was a man and she was not.

13. By the time of the National Sales Meeting in October 2016, Plaintiff had exceeded her annual quotas for three consecutive years.

14. Accordingly, Plaintiff expected to be recognized for this achievement at the National Sales Meeting.

15. She also expected to be awarded the bonus and promotion to Senior Territory Manager as was previously told to her on many occasions.

16. However, just an hour before the awards banquet during the National Sales Meeting, Barry told Plaintiff that she would not be getting promoted to Senior Territory Manager.

17. Confused and upset about what she was told, Plaintiff pressed Barry for answers as to why she was not being promoted.

18. Barry told Plaintiff that she lacked leadership skills, using examples which were incorrect and untrue, which Plaintiff pointed out to Barry.

19. During Plaintiff's employment with Hologic, on multiple occasions when management requested it, she provided presentations to other sales representatives.

20. Additionally, on numerous occasions when asked by management and marketing to share her successes with others, she did so to help teach others how to be successful.

21. She provided assistance and mentorship to other sales representatives and was actively involved in countless ride alongs with potential candidates, including management candidates.

22. Plaintiff was recognized as having one of the highest infiltration into accounts within her territory.

23. Plaintiff was on countless panels and limited market releases for new products.

24. Plaintiff received over 40 awards from Hologic as well as an Excellence Club Award.

25. Plaintiff's previous manager had so much trust in Plaintiff's skill and ability that she was assigned major accounts.

26. On or about November 7, 2016, a couple of weeks after the National Sales Meeting, a phone conference was scheduled between Plaintiff and Barry.

27. Plaintiff believed this phone conference was to go over her business plan with Barry. However, when the conference began, she was told that she was being terminated immediately "in light of the recent conversation that [she and Barry] had at the National Sales Meeting related to [Plaintiff] not getting the promotion to Senior TM[.]"

## CAUSES OF ACTION

28. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 27 as if fully stated herein.

29. Defendant's actions and/or omissions because of her gender constitute gender discrimination in violation of Washington's Law Against Discrimination (RCW 49.60 et seq.).

30. Defendant's actions and/or omissions because of her opposition to the disparate treatment constitute retaliation in violation of Washington's Law Against Discrimination (RCW 49.60 et seq.).

31. Defendant's actions and/or omissions because of her opposition to Defendant's failure to promote her and pay her the bonus constitute wrongful termination and retaliation in violation of public policy.

32. Defendant's actions and/or omissions of failing to pay Plaintiff her bonus based on the annual quota she met for three consecutive years constitute nonpayment of wages in violation of RCW 49.48 et seq.

33. Defendant's actions and/or omissions of refusing to pay Plaintiff her bonus also constitute a willful withholding of wages in violation of RCW 49.52 et seq.

34. Defendant's actions and/or omissions of failing to pay Plaintiff her bonus also constitute a breach of contract.

## DAMAGES

35. As a direct and proximate result of Defendant's unlawful actions and/or omissions, Plaintiff has sustained economic and non-economic damages in the nature of loss of earnings, compensations and benefits, pain and suffering, mental and emotional distress, loss of reputation, humiliation, personal indignity, embarrassment, fear, anxiety, anguish, and other damages.

36. Additionally, Defendant's willful denial of Plaintiff's bonus also entitles Plaintiff to an award of exemplary damages worth twice the amount owed to her pursuant to RCW 49.52.070.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant with the following relief:

1. Compensatory damages, including but not limited to back pay, front pay, and all mental and emotional distress damages;

2. Exemplary damages pursuant to RCW 49.52, in the maximum amount permitted by law.

3. Plaintiff's costs of suit, including reasonable attorney's fees;

4. Pre-judgment and post-judgment interest as permitted by law;

5. Award of taxable consequences; and

6. For such other and further relief as this Court deems appropriate.

DATED this 26th day of April 2017.

PREMIER LAW GROUP, PLLC

*/s/ Patrick J. Kang*
Patrick Kang, WSBA #30726
Attorneys for Plaintiff
1408 140th PL NE.
Bellevue, WA 98007
Tel. (206) 285-1743
Fac. (206) 599-6316
patrick@premierlawgroup.com